IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| ZOE MINNOCH, | ) | CIV. NO. 08-00176 DAE-BMK |
| | ) | |
| Plaintiff, | ) | |
| | ) | FINDINGS AND |
| vs. | ) | RECOMMENDATIONS TO DENY |
| | ) | PLAINTIFF'S MOTION TO |
| KAISER FOUNDATION HEALTH | ) | REMAND |
| PLAN, INC. and DOE | ) | |
| DEFENDANTS 1-10, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF
MINNOCH'S MOTION TO REMAND

Before this Court is Plaintiff Zoe Minnoch's Motion to Remand. A hearing on this motion was held September 17, 2008. After careful consideration of the motion, supporting and opposing memoranda, and arguments of counsel, the Court FINDS and RECOMMENDS that Defendants' Motion to Remand be Denied.

BACKGROUND

Plaintiff Minnoch filed suit in Circuit Court of the First Circuit of the State of Hawaii on March 28, 2008. Plaintiff alleged eleven causes of action under state law related to her working conditions and the circumstances of her

termination. Although the complaint placed no specific value on the claims, Minnoch's prayer for damages includes: general damages for severe and substantial mental and emotional distress; punitive damage; and treble damages under H.R.S.§ 480.

On April 21, 2008 Defendant Kaiser removed the action to this Court pursuant to 28 U.S.C. §§ 1332 and 1441 on the basis of diversity jurisdiction. Plaintiff does not dispute the diversity of the parties, but filed the present motion for remand contending that the jurisdictional threshold for the amount in controversy has not been met.

## STANDARD OF REVIEW

Civil actions filed in state court may be removed to a federal district court that has original subject matter jurisdiction over the case or controversy. 28 U.S.C. § 1441(a). Federal district courts have original jurisdiction over all civil actions when the amount in controversy exceeds $75,000 and there is complete diversity of citizenship. 28 U.S.C. 1332(a)(1). When removal is challenged based on the amount in controversy, the Defendant must prove that the amount in controversy exceeds the statutory limit by a "preponderance of the evidence." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Where, as here, the plaintiff has made no specific prayer for damages, Defendant need not prove the amount in controversy "to a legal certainty." Sanchez v. Monumental Life Ins.

Co., 102 F.3d 398, 401 (9th Cir. 1996).  To meet the evidentiary burden, Defendant must show that "more likely than not" Plaintiff's recovery would exceed the jurisdictional amount, "assuming the failure of all the Defendant's affirmative defenses."  Garza v. Bettcher Indus., 752 F. Supp. 753, 763 (E.D. Mich. 1990).  The type of evidence the Court will consider include "the facts presented in the removal petition as well as any 'summary judgment-type evidence . . ..'" Valdez v. Allstate, Inc., 372 F3d. 1115, 1117 (9th Cir. 2004) (quoting Matheson v. Progressive Specialty Ins., Co., 319 F.3d 1089, 1090 (9th 2003)).

## ANALYSIS

Minnoch argues that because the Complaint is silent as to the amount of relief sought, and because Kaiser bears the burden to proffer evidence to support removal, the case should be remanded.  While Minnoch correctly states the standard for removal, the conclusion Minnoch draws ignores the evidence offered by Kaiser.

In Gaus, cited by both parties, the "removing Defendant had offered no facts whatsoever" to support jurisdiction.  (Pl. Mot. 4).  The present case is distinguishable because Kaiser has offered as evidence the Declaration of Stanna A. Abellira, the Director of Total Compensation at Kaiser.  In this capacity Abellira oversees compensation for Kaiser employees.  (Dec. of Stanna A. Abellira 1).  Based on reasonable inferences drawn based on Minnoch's salary at the time

of her termination, her claim for wrongful termination alone, if successful, could result in recovery in excess of $75,000.  (Dec. of Stanna M. Abellira 1-2).  Wrongful termination is only one of eleven claims Minnoch alleges. (Def. Opp. 6-7).  In addition, Minnoch prays damages for mental and emotional distress, punitive damages, and, in connection with her H.R.S. § 480 claim, treble damages and attorney's fees.  Assuming that all these claims succeed, it is clear that recovery would, more likely than not, exceed $75,000.  Where a Plaintiff has prayed for "compensatory and punitive or treble damages, as well as attorney's fees" this Court has held that the jurisdictional requirement is satisfied.  <u>Engle v. Liberty Mut. Fire Ins. Co.</u>, 402 F. Supp. 2d 1157, 1160 (D. Haw. 2005).

It is also relevant that Minnoch has declined opportunities to resolve this matter.  At the July 11, 2008 Rule 26(f) conference, Kaiser offered not to oppose remand provided that Minnoch represent that her damages were less than $75,000.  Minnoch declined.  (Def. Opp. 4).  Minnoch was served with a Request for Admissions on August 22, 2008, including a request to admit or deny that damages are over $75, 000.  Minnoch has not responded.  (Def. Opp. 10).  Minnoch has been presented with opportunities to delimit damages and thereby defeat federal jurisdiction; Plaintiff instead wants to proceed in State Court while pursuing unlimited damages.  Such a course is impermissible.

CONCLUSION

Defendant has adduced facts sufficient to show that, if successful, Plaintiff's recovery will more likely than not exceed $75,000. Therefore the amount in controversy requirement of 28 U.S.C. §§ 1331 is satisfied and the exercise of jurisdiction by this Court is proper.  The Court FINDS and RECOMMENDS that Plaintiff's Motion to Remand be Denied.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, September 18, 2008



/S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Minnoch v. Kaiser; FINDINGS AND RECOMMENDATION TO DENY PLAINTIFF ZOE MINNOCH'S MOTION TO REMAND; Civ. No. 08-00176 DAE-BMK